IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| HILLSBORO FEED COMPANY, a Washington Corporation; and SUSAN HILLIARD, an individual residing in Washington,<br><br>      Plaintiffs,<br><br>vs.<br><br>CHRIS BIRO, an unmarried individual residing in New Mexico,<br><br>      Defendant. | 2:13-cv-00405-PJK-LAM |

FINDINGS OF FACT AND CONCLUSIONS OF LAW
and PRELIMINARY INJUNCTION

THIS MATTER came before the court on Plaintiffs Hillsboro Feed Company's ("HFC") and Susan Hilliard's Application for Preliminary Injunction ("Motion") filed May 17, 2013 (Doc. 8) and Defendant's Motion to Dismiss or Stay Action (Doc. 24).  The court previously entered and extended a temporary restraining order and instructed the parties that the terms of the order would remain in effect pending the hearing and this order.  Docs. 13 & 16.  Plaintiffs have requested, among other relief, entry of an order pursuant to Fed. R. Civ. P. 65(a).  The court held a hearing on June 18-19, 2013, and considered all pleadings

to date as well as the testimony. All parties had notice of the hearing, appeared, and presented evidence and argument.

## Findings of Fact

1. Plaintiff Susan Hilliard is an individual residing in Washington State. Plaintiff Hillsboro Feed Company ("HFC") is a Washington corporation. Ms. Hilliard is President, sole Director, and sole Shareholder of HFC.

2. Defendant Chris Biro is an individual who has resided in Utah and now resides in New Mexico. Prior to 2006, Mr. Biro owned and operated a birdseed business and a pirate-themed parrot show ("parrot show").

3. Ms. Hilliard and Mr. Biro became romantically involved eight years ago. Their personal relationship has continued on and off since then and most recently ended in late 2012.

4. In 2006, HFC and Mr. Biro entered into an Asset Purchase Agreement, pursuant to which HFC purchased the birdseed business from Mr. Biro for $56,703.59. Pl. Ex. A.

5. In 2007, HFC and Mr. Biro entered into an Asset Purchase Agreement, pursuant to which HFC purchased certain assets used by Mr. Biro in his parrot show, including: parrots, a non-titled flatbed trailer, a lifeboat made to look like a pirate ship, and pirate costumes and props. HFC paid $21,810 for the assets. Pl. Ex. B.

6. HFC and Mr. Biro entered into an Independent Contractor Agreement whereby HFC would contract with venues for parrot show performances and Mr. Biro would perform his show. Pl. Ex. B, attach. Ex. C. Mr. Biro also filled various roles at HFC.

7. HFC shut down its mill operation in December 2010 after incurring large losses, and the business relationship between HFC and Mr. Biro ended in 2011.

8. Mr. Biro filed for bankruptcy on January 25, 2011 and received a discharge on April 27, 2011. Pl. Ex. L. In his schedules, he listed various assets including one parrot, one 1990 Jeep Wrangler, tools worth $200, and one executory contract and residential lease. Pl. Ex. K, Schedules B, C, & G.

9. HFC moved the birds and assets in question to Porcupine Ranch, a property owned by Ms. Hilliard, in Moab, Utah.

10. After Ms. Hilliard and Mr. Biro's romantic relationship ended, Ms. Hilliard allowed Mr. Biro to stay at Porcupine Ranch. Mr. Biro agreed to leave by January 1, 2013, but did not vacate the premises until March 2013.

11. Upon leaving, Mr. Biro took many of the assets claimed by Ms. Hilliard and HFC with him, first to Arizona and then to Rodeo, New Mexico.

12. Mr. Biro claims that he is entitled to possession of the contested assets through ownership. He claims that Ms. Hilliard either personally or on behalf of HFC donated the assets to him as gifts and he thereupon took

      possession.  Ms. Hilliard denies these allegations.

13. Mr. Biro has since transported the lifeboat and two Macaws, Jack and Jezebel, to Ohio.

14. Mr. Biro's use and possession of the contested assets began as permissive on the part of HFC and Ms. Hilliard and is now adverse to their wishes.

15. Mr. Biro repeatedly asked Ms. Hilliard to give him various assets including the contested assets.  <u>See, e.g.</u>, Pl. Ex. W.  She refused.

16. Mr. Biro repeatedly offered to purchase the assets from Ms. Hilliard.  <u>See, e.g.</u>, Pl. Exs. I & S.  She rejected such offers.

17. Mr. Biro has acknowledged the ownership interests of HFC and Ms. Hilliard in various contested assets.  Pl. Exs. S, U, & V.

18. Without the knowledge or consent of Ms. Hilliard and ostensibly on the advice of counsel, Mr. Biro moved various contested assets from Porcupine Ranch to Arizona and New Mexico.

19. Some of the birds in Mr. Biro's possession have died.  Though he suggests a third-party caretaker is responsible, Mr. Biro has not been able to adequately care for some of the birds.  This includes overcrowding, lack of protection from predators, lack of adequate perching media, and lack of water or water receptacles that are dirty.

20. Plaintiffs filed a similar action in the District of Utah first, <u>see</u> <u>Hillsboro Feed Co. v. Biro</u>, 2:13-cv-00250-RJS, but never served Mr. Biro.  Mr. Biro

answered the Complaint (on June 12, 2013) after he was served in this case. This case has progressed further than the Utah case. An answer in this case is due June 25, 2013.

## Conclusions of Law

21. The court has jurisdiction over the parties and subject matter. 28 U.S.C. § 1332.

22. The court should not defer to the case in Utah notwithstanding that it was filed first and is similar. See Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1164 (10th Cir. 1982). Although that case does have an answer filed, Mr. Biro was none too anxious to answer until an opportunity to defeat this case appeared. In this case, Plaintiff sought and obtained a TRO, and the court and parties have invested considerable time thus far. The contested assets are primarily located in New Mexico as well.

23. Plaintiffs seek a preliminary injunction prohibiting Mr. Biro from moving, transferring, selling, destroying, harming, or otherwise disposing of or encumbering the contested assets which Mr. Biro transported. Doc. 20 at 14. Plaintiffs further seek restoration of the status quo by the court ordering Mr. Biro to immediately turn over possession pending resolution of the replevin claims. Id.

24. "To obtain a preliminary injunction, the movant must show: (1) a

substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." <u>Gen. Motors Corp. v. Urban Gorilla, LLC</u>, 500 F.3d 1222, 1226 (10th Cir. 2007).

25. Plaintiffs have shown a substantial likelihood of success on the merits because on the evidence thus far, Plaintiffs have a right to immediate possession of property they own and may seek recovery and damages. <u>See</u> N.M. Stat. 42-8-1. It strongly appears that Mr. Biro will be unable to meet his burden of proof that the contested property items were gifts. At this point, he has not established a gift by a preponderance of the evidence, let alone by clear and convincing evidence. <u>See</u> <u>Ross' Estate v. Ross</u>, 626 P.2d 489, 491 (Utah 1981).

26. The documentary evidence, including asset purchase agreements, vehicle titles, and cancelled checks fully supports Plaintiffs' claims of a right to possess the property because they own it.

27. The law never presumes a gift, and a donee has the burden to prove donative intent, delivery, and acceptance. <u>See</u> <u>Lusk v. Daugherty,</u> 297 P.2d 333, 335 (N.M. 1956) (setting forth the elements of a gift); <u>Ross' Estate,</u> 626 P.2d at 491; <u>In re Marriage of Zier</u>, 147 P.3d 624, 628 (Wash. Ct. App. 2006). Mr. Biro's subjective feeling that Ms. Hilliard gave him the

property will be insufficient to carry his burden of proof regarding her intent. Nor will his taking the property without her consent from Utah suffice for delivery.

28. Moreover, unlike prior transactions involving asset transfers between these parties, Mr. Biro was unable to refer to any written proof that might support his claim that the contested assets were given to him. No title documents support his theory, and he made reference to none. Indeed, Mr. Biro's repeated (1) requests that he be given the assets, and (2) offers to purchase the assets, undercut his assertion that gifts were made. Moreover, Mr. Biro conceded that Ms. Hilliard vacillated in response to his inquiries about obtaining the assets.

29. Plaintiffs will suffer irreparable harm if a preliminary injunction does not issue. Some birds appear to have been neglected in Mr. Biro's possession and the property does not appear to be adequately housed, maintained, or insured by Mr. Biro. Mr. Biro's financial situation makes it unlikely that he would be able to compensate Plaintiffs for future property losses.

30. The threatened injury to Plaintiffs outweighs any damage that may accrue to Defendant. The court recognizes that Mr. Biro's livelihood may depend upon certain assets needed to perform his current parrot show, but again, Mr. Biro was given valuable consideration for the asset transfers in the first instance and he has failed to adduce any evidence that HFC or Ms. Hilliard

gifted him the assets.  Moreover, many of the assets Mr. Biro transported from Utah are not involved in the parrot show.  Finally, it appears that Mr. Biro has taken steps to incorporate replacement birds.

31. Public policy favors granting the requested equitable relief because the law upholds property rights acquired through ownership, including possession. Mr. Biro's conduct in taking the assets from Utah is highly suspect.

32. Plaintiffs shall not be required to post bond as they will incur substantial expense obtaining and holding the assets pending trial.

## Preliminary Injunction

The court will refer this matter for expedited pretrial proceedings and will hold a trial on August 13, 2013 at the United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM (Pecos Courtroom-Third Floor).  After Mr. Biro has answered the Complaint in this case, the parties should immediately contact Magistrate Judge Martinez to arrange for pretrial proceedings and any discovery that will be needed given the expedited trial setting.  Pending resolution of Plaintiffs' claims, Defendant

1. Is enjoined from moving, transferring, selling, destroying, harming, or otherwise disposing of or encumbering those contested assets of Plaintiffs which Mr. Biro transported, now possesses and that are identified in the attached Schedule A;

2. Shall allow Plaintiffs immediate access to inspect the assets in Rodeo, New Mexico and Portal, Arizona;

3. Shall immediately turn over to Plaintiffs possession of the assets in Schedule A (and any others belonging to HFC or Ms. Hilliard);

4. Shall promptly return to Plaintiffs the assets currently located in Ohio (the lifeboat and two Macaws).

Pending resolution of Plaintiffs' claims, Plaintiffs shall

5. Care and maintain the assets including registering and insuring the assets where required, necessary, or appropriate.

ACCORDINGLY, THE COURT HEREBY ORDERS THAT Plaintiffs Hillsboro Feed Company's ("HFC") and Susan Hilliard's Application for Preliminary Injunction ("Motion") filed May 17, 2013 (Doc. 8) is GRANTED and Defendant's Motion to Dismiss or Stay Action (Doc. 24) is DENIED.

DATED this 19th day of June 2013, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation