IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

HILLSBORO FEED COMPANY, a
Washington Corporation; and SUSAN
HILLIARD, an individual residing in
Washington,

      Plaintiffs,

vs.                                        2:13-cv-00405-PJK-LAM

CHRIS BIRO, an unmarried individual
residing in New Mexico,

      Defendant.

_____

MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO SEAL DOCUMENTS

_____

THIS MATTER comes before the court on Plaintiff Susan Hilliard's Motion to

Seal Documents filed August 22, 2013.  Doc. 64.  Upon consideration thereof, the motion

is not well taken and should be denied.

There is a strong presumption of access to court records, and normally only

compelling reasons will support sealing.  See Nixon v. Warner Commc'ns, Inc., 435 U.S.

589, 597-98 (1978) (recognizing the general right to inspect public records but that the

right is not absolute); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir.

2010) (explaining that a "compelling reasons" standard applies to the sealing of most

judicial records); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007) (recognizing

that a party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption"); Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) ("This presumption of access may be overcome only 'on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.'") (citation omitted)); Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record . . . , the court file must remain accessible to the public."); Robert T. Reagan, Sealing Court Records: A Pocket Guide 1-4 (Fed. Judicial Center 2010) (discussing common law and First Amendment origins of the right of access).

Essentially, Plaintiff Hilliard seeks to seal documents which contain Defendant's side of this story because these documents contain highly-personal, unflattering details of the relationship between the two and allegations about Plaintiff's mental health. Plaintiff suggests several reasons in favor of sealing: (1) the court did not rely upon the documents, several of which were filed after a preliminary injunction issued, (2) the parties would still have access to the documents were there any need to enforce the settlement agreement, and (3) the case law supports the sealing.

While it is true that the parties would have access after any sealing, the court is not persuaded. Plaintiff brought this diversity case in two federal districts: New Mexico and Utah. Case law makes clear that Plaintiff must demonstrate some significant interest that

outweighs the presumption of public access.  Unflattering details raised during the course of litigation are insufficient.  See, e.g., Mann, 477 F.3d at 1149 (affirming the district court's denial of a motion to seal documents based on privacy concerns relating to details of a family feud and a family member's diagnosis of Alzheimer's); Reagan, supra at 17 ("Sealing of judicial records is not considered appropriate if it is done merely to protect parties from embarrassment.").

Relying primarily on Helm v. Kansas, 656 F.3d 1277 (10th Cir. 2011), Plaintiff argues that the presumption of public access is "less weighty" because the court did not rely on the documents she seeks to seal due to the parties' settlement.  The remark in Helm about "depriving the public of access to the records that inform our decision-making process," does not support the proposition that a court must expressly rely on a document in order for it to remain public.  Here, Plaintiff received substantial relief after two evidentiary hearings (open to the public) prior to settlement, Docs. 10, 13, & 30; relief that Defendant challenges.  Doc. 33.  Given the strong presumption in favor of public access, the record concerning the claims and counterclaims should remain open, notwithstanding the apparent settlement.  In addition, some of the material Plaintiff seeks to seal is routine such as the joint status report and provisional discovery plan, Doc. 39—filings that inform both the court and the public regardless of whether they were relied upon for a specific ruling.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that Plaintiff Susan Hilliard's Motion to Seal Documents filed August 22, 2013 (Doc. 64) is

denied.

     DATED this <u>17th</u> day of September 2013, at Santa Fe, New Mexico.


_____
United States Circuit Judge
Sitting by Designation

Counsel:
William R. Keleher & Kevin D. Pierce, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico for Plaintiffs.

William C. Salmon, P.C., Rhodes & Salmon, P.C., Albuquerque, New Mexico, for Defendant.